UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL ACTION NO. 22-51-DLB-CJS

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                              ORDER ON MOTION IN LIMINE

ANTHONY MARIO WYNN                                                DEFENDANT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the United States' Motion in Limine. (R. 47). Defendant Anthony Mario Wynn has filed a Response. (R. 50). The matter has been referred to the undersigned pursuant to the Standing Referral Order (R. 17) and in accordance with 28 U.S.C. § 636(b) and Rule 59 of the Federal Rules of Criminal Procedure. For the reasons discussed below, the Government's Motion will be **denied**.

Defendant Anthony Mario Wynn was initially charged by way of a Criminal Complaint (R. 1) with possession of cocaine with the intent to distribute, possession of a firearm as a convicted felon, and possession of a firearm in furtherance of drug trafficking. The Court determined there was probable cause to bind the matter over to a grand jury (*see* R. 9) and on August 11, 2022, a federal grand jury at Covington returned an Indictment charging Wynn with the same offenses in addition to a forfeiture allegation (*see* R. 13). Wynn appeared for his Initial Appearance and Arraignment on August 16, 2022, where he pleaded not guilty. (R. 20). On December 16, 2022, Wynn filed a Motion to Suppress all evidence obtained as a result of the Government's warrantless search of his person and vehicle following a traffic stop. (R. 34). The Government filed a

Response (R. 38), and the Court set an Evidentiary Hearing on the Motion for February 23, 2023 (R. 42).

Prior to the evidentiary hearing, the Government filed the instant Motion in Limine (R. 47), wherein it requests the Court (1) exclude as improper impeachment evidence a document outlining several disciplinary actions taken against a Government witness and (2) preclude Defendant from cross-examining any witness on the subject of those disciplinary actions. The Government witness is Officer Douglas Ullrich of the Covington Police Department (CPD), one of the officers who conducted the traffic stop that led to the present charges against Wynn. The document in question is a letter from the Covington Chief of Police to the United States Attorney's Office, discussing the personnel file of Officer Ullrich. The letter was made in response to the Government's *Giglio* request for potential impeachment information regarding the officers who may testify against Wynn. The letter references five separate instances where Officer Ullrich was subject to internal disciplinary action for his failure to comply with CPD procedures regarding the handling of evidence.

As grounds for its requests, the Government argues that the information contained in the letter is irrelevant to the issues of the suppression hearing because, with respect to Wynn, "Officer Ullrich did not remove the evidence from the scene or log it into police custody." (R. 47 at Page ID 206). The Government further argues that even if the Court determines that the letter is relevant, "its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury." (*Id.*) (citing *United States v. Richardson*, 793 F.3d 612, 629 (6th Cir. 2015)). According to the Government, "Officer Ullrich could have his career jeopardized and reputation damaged in the public arena if defense is permitted to introduce evidence or ask questions" about the disciplinary actions. (*Id.* at Page ID 207).

2

Wynn argues that the letter and its contents should not be excluded from the suppression hearing because it is relevant "to the officer's credibility, reliability, and bias and would be probative concerning the witness's truthfulness or untruthfulness." (R. 50). Specifically, Wynn asserts that "[a]n issue at the hearing will be the officer's ability and willingness to follow proper policy and procedures." (*Id.*). Wynn further argues that the danger of unfair prejudice will not outweigh the probative value of the information because that effect can be "controlled and mitigated by sealing portions of the hearing and record if the Court found it necessary." (*Id.*).

As an initial matter, the Supreme Court has noted that "the rules of evidence normally applicable in criminal trials do not operate with full force at hearings before the judge to determine the admissibility of evidence." *United States v. Matlock*, 415 U.S. 164, 172-174 (1974); *see United States v. Stepp*, 680 F.3d 651, 668 (6th Cir. 2012) (finding abuse of discretion where district court excluded expert testimony at suppression hearing based on Rules of Evidence); *United States v. Killebrew*, 594 F.2d 1103, 1105 (6th Cir. 1979) (affirming admission of hearsay evidence at suppression hearing); *see also United States v. Raddatz*, 447 U.S. 667, 679 (1980) ("the interests at stake in a suppression hearing are of lesser magnitude than those in the criminal trial itself"). "Even at a suppression hearing, however, a trial court's finding must be 'supported by competent and credible evidence.'" *Stepp*, 680 F.3d at 668 (quoting *Fields v. Bagley*, 275 F.3d 478, 485 n.5 (6th Cir. 2001)). Thus, courts continue to rely on the Rules of Evidence in making evidentiary determinations at suppression hearings. *See, e.g.*, *United States v. McKenzie*, No. 21-3587, 2022 WL 1744500 (6th Cir. May 31, 2022).

"The standard for relevancy is 'extremely liberal.'" *United States v. Whittington*, 455 F.3d 736, 738 (6th Cir. 2006) (quoting *Douglass v. Eaton Corp.*, 956 F.2d 1339, 1344 (6th Cir. 1992)). Under Federal Rule of Evidence 401, "'evidence having *any* tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable

3

than it would be without the evidence' is relevant." *Id*. (emphasis in original) (quoting *Robinson v. Runyon*, 149 F.3d 507, 512 (6th Cir. 1998)). In other words, "even if a district believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has the slightest probative worth." *Id*. (quoting *Douglass*, 956 F.2d at 1344). However, other Rules of Evidence can operate to exclude relevant evidence. For example, under Federal Rule of Evidence 608(b), "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack . . . the witness's character for truthfulness." Fed. R. Evid. 608(b). That is, "Rule 608(b) by its terms prohibits the use of extrinsic evidence," even where such evidence is relevant. *United States v. Craig*, 953 F.3d 898, 903 (6th Cir. 2020). "But the court may, on cross-examination, allow [specific instances] to be inquired into if they are probative of the character for truthfulness . . . of . . . the witness." Fed. R. Evid. 608(b)(1). In that respect, "trial judges retain 'wide latitude' to impose 'reasonable limits on cross-examination.'" *United States v. Holden*, 557 F.3d 698, 704 (6th Cir. 2009) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)).

Notably, this Court has previously discussed the relevancy of Officer Ullrich's personnel file to the issues of a suppression hearing. *See United States v. Jackson*, No. 17-50-DLB-CJS, 2018 WL 4471741, at *5 n.4 (E.D. Ky. Sept. 18, 2018). In *Jackson*, defense counsel did not have possession of the personnel file at the time of the suppression hearing, yet the Court permitted cross-examination of Officer Ullrich about the reprimands during the suppression hearing. *See Jackson*, No. 17-50-DLB-CJS (E.D. Ky. 2018), ECF No. 46, pp. 38-40, Page ID 138-40. The Court subsequently granted in part the defendant's motion to re-open the suppression hearing, preventing further testimony on the personnel file but permitting defense counsel to file it in the record and considering it "to the extent the Court deems it to be relevant." *Id*., ECF No. 119, pp. 2-3, Page ID 903-04. The Court ultimately determined that Officer Ullrich's personnel file was

> irrelevant to the officer's credibility determination *in the instance case*. Specifically, nothing contained in the submission offers any insight into the events of *the night in question*, and none of the offered documents relate to the officer's general credibility or his ability to perceive and testify regarding *this traffic stop and subsequent search*.

*Id*. (emphasis added). Thus, although the Court determined that Officer Ullrich's personnel file was not relevant to the suppression hearing, it did so based on the specific circumstances of the traffic stop at issue. Whether the personnel file is relevant to the circumstances of Wynn's traffic stop is still an open question. What's more, in the Jackson case, the Court permitted defense counsel an opportunity in the suppression hearing to cross-examine Officer Ullrich regarding the reprimands.

Wynn asserts that Officer Ullrich's reprimands are relevant to his potential bias. The Government points to the Chief of Police's statement in the letter that "Officer Ullrich has no information in his file that would indicate any type of impeachment or potential impeachment as it pertains to untruthfulness or bias." (R. 47 at Page ID 205). However, the Chief's legal conclusion does not eliminate this Court's obligation to determine the admissibility of evidence. It is yet to be seen whether Officer Ullrich's prior reprimands are relevant to the circumstances of Wynn's traffic stop. Although the factual circumstances surrounding the traffic stop have been addressed by the parties in their briefs, the purpose of the evidentiary hearing is to provide additional context. And in that additional context, Wynn should have an opportunity to lay the proper foundation to admit the letter.

True, the Government presents compelling arguments that Officer Ullrich's evidence-related reprimands are irrelevant to the circumstances of Wynn's traffic stop because he was not the officer who collected evidence from the encounter. However, in the event Wynn can make the necessary showing during the suppression hearing, he may be able to impeach Officer Ullrich using the letter. *See e.g.*, *In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products*

*Liability Litigation*, 575 F. Supp. 3d 942, 945 (S.D. Ohio 2021) ("[A]lthough 'the Federal Rules of Evidence do not specifically so state, prior misconduct of a witness which is probative of the bias of that witness may be proved by extrinsic evidence.'") (quoting *United States v. Phillips*, 888 F.3d 38, 41 (6th Cir. 1989)). This is not to say that Wynn is in fact permitted to do so. Rather, in the Court's view, to make the determination now would be premature, as "a court is almost always better situated during the actual trial [or hearing] to assess the value and utility of evidence." *In re Davol, Inc.*, 575 F. Supp. 3d at 944 (quoting *Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998)). Thus, the undersigned will abide by the "better practice" of "deal[ing] with questions of admissibility of evidence as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).

As a final matter, the Government asks the undersigned to preclude Wynn from using the letter to impeach Officer Ullrich at both the suppression hearing *and trial*. (*See* R. 47 at Page ID 204) (requesting exclusion "during the suppression hearing and any subsequent trial in this matter"). This case was referred to the undersigned for pretrial matters. (*See* R. 17). Whether the letter and its contents are admissible for purposes of trial is a question best answered by the District Judge presiding over trial. Thus, the undersigned's ruling will apply to the suppression hearing only.

Accordingly, **IT IS ORDERED** that the Government's Motion in Limine (R. 47) is hereby **denied without prejudice**.

Signed this 16th day of March, 2023.



Signed By:
*Candace J. Smith*
United States Magistrate Judge